B

HOVANES JOHN TONOYAN
6627 Beeman Ave
North Hollywood CA, 91606
T: 818 281 7473
E: hoviktonoyan@gmail.com

*Pro Se / Self-Represented*

FILED
AUG 17 2022
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>LUSINE CRISTINE DOKUZYAN,<br><br>Debtor(s).<br><br>HOVANES JOHN TONOYAN, an individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>LUSINE CRISTINE DOKUZYAN, an individual,<br><br>Defendant(s). | BK Case No.: 1:22-bk-10283-MB (Chapter 7)<br>AP Case No.: 1:22-ap-01028-MB<br><br>**CREDITOR/PLAINTIFF OBJECTIONS to:**<br>• "DECLARATION" and "EXHIBIT B" ATTACHED BY DEBTOR/DEFENDANT TO SUPPORT HER *MOTION FOR PROTECTIVE ORDER*<br><br>**HEARINGS (consolidated):**<br>• **First/Initial Joint Status Conference (AP)**<br>• **Defendant's 12(b)(6) Motion to Dismiss (AP)**<br>• **Debtor's Protective Order Request (BK)**<br><br>Date: August 31, 2022<br>Time: 2:30PM PST<br>Place: Courtroom 303, or via Zoom<br>      21401 Burbank Boulevard<br>      Woodland Hills, CA 91367 |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, THE DEBTOR, COUNSELS, AND ALL OTHER PARTIES IN INTEREST:**

Plaintiff Hovanes John Tonoyan ("**Plaintiff**" or "**Creditor**") respectfully submits his evidentiary, procedural, and substantive objections *in Support of his Opposition* to *Lusine Cristine Dokuzyan's* (the "**Debtor**" or "**Defendant**") *Declaration AND Exhibit B attached to her Motion for Protective Order* (the "**Declaration**"; "**Exhibit B**") [BK. Case Dk. No. 20 on Pg. 4, 9-11].

BK Case No.: 1:22-bk-10283-MB      1

A declaration is a form of evidence, and thus the statements contained therein must comply with all the Federal Rules of Evidence ("FRE"). In order to be recognized as admissible evidence, a declaration must contain all of the requisite facts precisely, specifically, and definitely, and not merely state ultimate facts or conclusions of law or fact.

The **Local Bankruptcy Rules** of the Central District of California ("LBR") govern the making of evidentiary objections to motions and factual assertions therein. **LBR 9013-1(c)(3)(A)** requires that a motion "must be served and filed with,…as a part thereof,…*duly authenticated* copies of all photographs and documentary evidence that the moving party intends to submit in support of the motion, in addition to the declarations required or permitted by FRBP 9006(d)". **LBR 9013-1(i)(2)** requires that "factual contentions involved in any motion, opposition or other response to a motion…must be presented, heard, and determined upon declarations and other written evidence," and that evidentiary objections: be set forth in a separate document; cite to the specific Federal Rule of Evidence upon which the objections are based; and are filed with the response or reply. **LBR 9013-1(i)(3)** permits only those declarations made "under penalty of perjury" to be received into evidence when in lieu of oral testimony.

The **Local Civil Rules** of the Central District of California ("LCR") under *L.C.R. 7-7 Form and Content of Declarations* state that "declarations shall contain only *factual, evidentiary matter* and shall conform as far as possible to the requirements of **F.R.Civ.P. 56(c)(4)**."

The **LBR 1001-1(e)(1)** procedure states that in the *absence* of a LBR, a matter that is "not specifically covered by these Local Bankruptcy Rules may be determined, if possible, by parallel or analogy to the F.R.Civ.P., the FRBP, or *the Local Civil Rules*."

This Court's own **Chamber Procedures** under Section III and IV state that "*all* evidence…shall be presented by way of live testimony", and that only on the Court's "own initiative" or "at the request of a party" can there be "presentation of direct evidence…by declaration." Opposing Counsel has not made such a request and the Court has not made such an order for the Debtor to proceed to the August 31st hearing *by declaration and documentary evidence only*; without the live testimony of the Debtor under examination, *no evidence* attached in support of their *Motion for Protective Order* should be admitted or permitted to be presented.

BK Case No.: 1:22-bk-10283-MB          2

The **Declaration** and **Exhibit B** are objectionable on several grounds, including expressly and facially. The Plaintiff / Creditor respectfully requests that the Court sustain the objections and to exclude and/or strike the following quoted inadmissible assertions, contentions, evidence and/or testimony. The Plaintiff / Creditor respect requests that the Court bar any incorporations or references to the material by the Debtor/Defendant during the hearings on August 31st, 2022 as well as *in limine* through the duration of the Bankruptcy and Adversary cases, including any preliminary determinations, evidentiary hearings, pre-trial conferences, and the trial itself.

### A. Objections to Dokuzyan Declaration

**General Objections:** The Declaration has no factual, evidentiary, material, probative, or structural value. It is not made in court, or under oath, or under penalty of perjury. **It does not have the required certification (*jurat*)** "*I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).*". **It is not dated.** It is without any credibility, reliability, or weight. It cannot be used by the Debtor or their Counsel to support, evidence, establish, or prove any matter. It is just a piece of paper with words typed on it that the Debtor put their signature on, and nothing more. It cannot be used to authenticate "**Exhibit B**" and lays no foundation for itself or any other exhibit. Debtor's Counsel cannot serve as both a legal advocate and as a fact-witness in lieu of his client, to string together bald allegations wholesale without even a single under-oath declarant. FRE 102 empowers the Court to disregard, exclude, and reject evidence if it unjustifiability increases expense and delay, produces an unfair and unjust result, stifles the development of evidence law, and does not aid in the ascertainment of truth. The presentation, consideration, and determination of the Declaration would have those aforementioned effects on these proceedings. Nevertheless, Plaintiff/Creditor continues with specific objections in order to preserve their rights, construe it against any subsequent declarations, and support their filed *Opposition*.

| No. | Material Objected To | Grounds for Objections |
|---|---|---|
| 1. | Dokuzyan Declaration Pg. 4 : ¶1-4, 23-28 The entire document. | **28 U.S.C. § 1746** Not dated and not certified under penalty of perjury. |
| 2. | Dokuzyan Declaration Pg. 4 : ¶5-6 | **FRE 401-404, 406** Argumentative, Irrelevant, Confusing, Improper Character or Habit Testimony |

BK Case No.: 1:22-bk-10283-MB              3

| No. | Material Objected To | Grounds for Objections |
|---|---|---|
| | "I have known Hovanes Tonoyan for several years and know his behavioral patterns." | • The witness is improperly asserting testimony about "behavioral patterns" regarding Plaintiff's character. |
| 3. | Dokuzyan Declaration Pg. 4 : ¶7 "Hovanes has been extremely hurtful and verbally abusive to me." | **FRE 401-404, 406 Argumentative, Irrelevant, Confusing, Prejudicial, Improper Character or Habit Testimony**<br>• The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter.<br><br>**FRE 602, 611 Lacks Personal Knowledge, Vague and Ambiguous**<br>• The witness does not attest to having observed with their own senses through sight, sound, or touch the conduct they are alleging.<br>• The witness does not specify what has been hurtful or abusive. The witness does not attest to having experienced any physical or emotional changes or injury in response to the alleged conduct.<br><br>**FRE 701-703 Speculation, Improper Opinion**<br>• The witness is speculating to the "hurtfulness" of alleged conduct.<br>• The witness is characterizing the alleged conduct through an opinion.<br><br>**FRE 801-802 Hearsay**<br><br>**FRE 901-902 Lacks Foundation, Lacks Authentication** |
| 4. | Dokuzyan Declaration Pg. 4 : ¶9-10 "Over the last several months he has texted me and called my friends and some family members." | **FRE 401-403 Argumentative, Irrelevant, Confusing**<br>• The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter.<br><br>**FRE 602, 611 Lacks Personal Knowledge, Vague and Ambiguous**<br>• The witness does not assert or have personal knowledge of alleged verbal contacts with "friends" and "some family members".<br>• The witness does not attest to having observed with their own senses through sight, sound, or touch the conduct they are alleging on behalf of "friends" and "family".<br>• The witness does not specify further specific dates, times, identities, and context of her relationship to these third parties and the alleged verbal contacts. |

BK Case No.: 1:22-bk-10283-MB                    4

| No. | Material Objected To | Grounds for Objections |
|---|---|---|
|  |  | • "over the last several months" is a vague and ambiguous term.<br><br>**FRE 701-703 Speculation, Improper Opinion**<br>• The witness is speculating without personal knowledge what alleged contacts have been made or received between Plaintiff and her "friends" or "family".<br><br>**FRE 801-802 Hearsay**<br>• The witness is asserting out-of-court statements by either allegedly the Plaintiff or by her "friends" and "family". If her only source of these assertions is "friends" and "family" as the declarants repeating to her alleged verbal assertions, that is hearsay, it does not prove that Plaintiff said or did anything to anyone.<br><br>**FRE 901-902 Lacks Foundation, Lacks Authentication**<br>• No foundation has been laid and no authentication has occurred regarding any alleged verbal contacts or writings to demonstrate the content and context.<br><br>**FRE 1001-1004 Best Evidence Rule** |
| 5. | Dokuzyan Declaration Pg. 4 : ¶10<br>"He threatens them and tells them that I am a bad person." | **FRE 401-403 Argumentative, Confusing, Irrelevant, Prejudicial, Inflammatory**<br>• The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter.<br><br>**FRE 602, 611 Lacks Personal Knowledge**<br>• The witness does not assert or have personal knowledge of alleged verbal contacts with "friends" and "some family members".<br>• The witness does not attest to having observed with their own senses through sight, sound, or touch the conduct they are alleging on behalf of "friends" and "family".<br>• The witness does not specify further specific dates, times, identities, and context of her relationship to these third parties and the alleged verbal contacts.<br>• Merely stating "threatens" or "them" without more, is vague and ambiguous.<br><br>**FRE 701-703 Speculation, Improper Opinion** |

BK Case No.: 1:22-bk-10283-MB    5

| No. | Material Objected To | Grounds for Objections |
|---|---|---|
| | | • The witness is speculating and providing an opinion on alleged conduct of Plaintiff, or on responses and reactions of "friends" and "family". <br><br> **FRE 801-802 Hearsay** <br> • The witness is asserting out-of-court statements by either allegedly the Plaintiff or by her "friends" and "family". If her only source of these assertions is "friends" and "family" as the declarants repeating to her alleged verbal assertions, that is hearsay, it does not prove that Plaintiff said or did anything to anyone. <br><br> **FRE 901-902 Lacks Foundation, Lacks Authentication** <br> • No foundation has been laid and no authentication has occurred regarding any alleged verbal contacts or writings to demonstrate the content and context. <br><br> **FRE 1001-1004 Best Evidence Rule** |
| 6. | Dokuzyan Declaration Pg. 4 : ¶11 <br> "He uses more vulgar language of course." | **FRE 401-404, 406 Argumentative, , Confusing, Irrelevant, Inflammatory** <br> • The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter. <br><br> **FRE 602, 611 Lacks Personal Knowledge, Vague and Ambiguous** <br> • The witness does not assert or have personal knowledge of alleged verbal contacts with "friends" and "some family members". <br> • The witness does not attest to having observed with their own senses through sight, sound, or touch the conduct they are alleging on behalf of "friends" and "family". <br> • The witness does not specify further specific dates, times, identities, and context of her relationship to these third parties and the alleged verbal contacts. <br> • Merely stating "vulgar language" without more, is vague and ambiguous. <br><br> **FRE 701-703 Speculation, Improper Opinion** <br> • "Vulgar language" is a matter of opinion, and not a fact the witness has proven or testified to. The witness is speculating. <br><br> **FRE 801-802 Hearsay** |

BK Case No.: 1:22-bk-10283-MB      6

| No. | Material Objected To | Grounds for Objections |
|---|---|---|
| | | **FRE 901-902 Lacks Foundation, Lacks Authentication**<br>• No foundation has been laid and no authentication has occurred regarding any alleged verbal contacts or writings to demonstrate the content and context.<br><br>**FRE 1001-1004 Best Evidence Rule** |
| 7. | Dokuzyan Declaration Pg. 4 : ¶11-12<br>"He wants to tell everyone that knows me of what I allegedly did to him and has made my life very difficult." | **FRE 401-403 Argumentative, Irrelevant**<br>• The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter.<br><br>**FRE 602, 611 Lacks Personal Knowledge, Vague and Ambiguous**<br>• "everyone" is a vague and ambiguous term.<br>• "what I allegedly did to him" is a vague and ambiguous term"<br>• "has made my life very difficult" is a vague and ambiguous term.<br>• The witness does not have personal knowledge of what is inside the mind of Plaintiff or what the Plaintiff wants. The witness has not directly observed or perceived any alleged assertion by the Plaintiff. The witness is imposing a hypothetical circumstance by stating what she *thinks* someone *wants to do ("wants to tell everyone that knows me of what I allegedly did to him")* instead of asserting what someone *actually did or does do*. The witness has not asserted as a factual matter that the Plaintiff has actually told anyone anything.<br><br>**FRE 701-703 Speculation, Improper Opinion**<br>• The witness is speculating to what another person "wants".<br>• The witness is speculating and providing a subjective opinion on the "difficulty" of their own life, which is not a factual assertion.<br><br>**FRE 801-802 Hearsay**<br>• The witness is asserting out-of-court statements by either allegedly the Plaintiff or by people she refers to as "everyone". If her only source of these assertions is "everyone" as the declarants repeating to her other assertions, that is hearsay, it does not prove that Plaintiff said or did anything to anyone.<br><br>**FRE 901-902 Lacks Foundation, Lacks Authentication** |

BK Case No.: 1:22-bk-10283-MB         7

| No. | Material Objected To | Grounds for Objection |
|---|---|---|
|  |  | • No foundation has been laid and no authentication has occurred regarding any alleged writings to "everyone" or any verbal contacts to "everyone". <br><br>**FRE 1001-1004** Best Evidence Rule |
| 8. | Dokuzyan Declaration Pg. 4 : ¶12 <br>"He has made death threats to me and has continually told me to go kill myself and that I am horrible person." | **FRE 401-404, 406** Argumentative, Irrelevant, Confusing, Prejudicial, Inflammatory, Improper Character Testimony <br>• The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter. <br>• The witness is using the term "death threat" as an inflammatory tactic and to cause prejudice against the Plaintiff. <br>• Use of the term "horrible person" seeks to imply some sort of improper character testimony. <br><br>**FRE 602, 611** Lacks Personal Knowledge, Vague and Ambiguous <br>• "Death threats", "continually", and "horrible person" are vague and ambiguous. <br>• The witness does not attest to having any personal knowledge to then allege these communications. The witness does not demonstrate or specify when or how these alleged communications were made. The witness does not specify if it was in writing over a text message or email or letter, or verbally in-person, or verbally over an audio call or communication over the internet or phone. <br><br>**FRE 701-703** Speculation, Improper Opinion, Improper Legal Conclusion <br>• The witness is speculating and is providing their own opinion on communications they allege and drawing and asserting their own or their Counsel's conclusions. <br><br>**FRE 801-802 Hearsay** <br>• The witness continues to allege out-of-court communications as well as bring into dispute the *truth of the matters asserted within them*. <br><br>**FRE 901-902 Lacks Foundation, Lacks Authentication** |

BK Case No.: 1:22-bk-10283-MB        8

| No. | Material Objected To | Grounds for Objections |
|---|---|---|
| | | • The witness has not introduced any exhibits, documentary evidence, or writings to demonstrate or prove the existence or making of the communications they allege. No authentication has occurred for the alleged communications, and no foundation has been laid. The witness has not provided any other witness names, any assertion made under oath or under penalty of perjury to corroborate their allegations, they have not introduced any evidence from law enforcement to demonstrate the severity and seriousness of what they allege.<br><br>**FRE 1001-1004 Best Evidence Rule** |
| 9. | Dokuzyan Declaration Pg. 4 : ¶13 "But I am not." | **FRE 401-404 Argumentative, Irrelevant, Improper Character Testimony**<br>• The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter.<br>• The witness is improperly asserting testimony regarding her own character.<br><br>**FRE 901-902 Lacks Foundation, Lacks Authentication**<br>• The witness has not laid a foundation to their own character. The witness has not authenticated any evidence attesting to their own character. |
| 10. | Dokuzyan Declaration Pg. 4 : ¶13-15 "The text messages that are attached as Exhibit B is a glimpse of the type of harassment we have been subjected to." | **FRE 401-403 Argumentative, Irrelevant, Confusing, Inflammatory, Prejudicial, Waste of Time**<br>• The assertion and exhibit have no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter.<br><br>**FRE 602, 611 Lacks Personal Knowledge, Vague and Ambiguous**<br>• The witness can only attempt to assert facts of which only they have personal knowledge of. They cannot testify to what *others* may or may not be "subjected to" or how *others* would perceive what the witness claims to perceive.<br>• "Glimpse", "harassment", and "subjected to" are vague and ambiguous terms.<br><br>**FRE 701-703 Speculation, Improper Opinion or Legal Conclusion**<br>• "Harassment" is an opinion or a legal conclusion, not a fact.<br><br>**FRE 801-802 Hearsay** |

| No. | Material Objected To | Grounds for Objections |
|---|---|---|
|  |  | • Referenced "text messages" are out-of-court statements not made under oath at any trial or hearing. Characterizing the content—*the truth of the matter*—as an uncorroborated "type of harassment" goes beyond alleging the existence of a statement and puts the characterization of the statement into dispute.<br><br>**FRE 901-902 Lacks Foundation, Lacks Authentication**<br>• The defective Declaration not being made under penalty of perjury, the witness cannot proffer testimony to authenticate "Exhibit B" or related text message writings. No foundation has been laid by the Declaration or any other method to admit "Exhibit B".<br><br>**FRE 1001-1004 Best Evidence Rule** |
| 11. | Dokuzyan Declaration Pg. 4 : ¶15-16 "He emailed my bankruptcy attorney with the same verbally abuse language and he just won't stop." | **FRE 401-403 Argumentative, Irrelevant**<br>• The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter.<br><br>**FRE 602 Lacks Personal Knowledge**<br>• The witness is attesting to alleged facts that they themselves do not have personal knowledge of, they do not attest to having seen, heard, or touched, this alleged "email" communication or to have perceived it directly in any way. They have no personal knowledge if it ever "started" for it to then "stop".<br><br>**FRE 701-703 Speculation, Improper Opinion or Legal Conclusion**<br>• The witness is improperly characterizing as an opinion and as a legal conclusion what sort of alleged communication counts as "verbally abuse language".<br><br>**FRE 801-802 Hearsay**<br>• The witness is improperly asserting alleged facts on behalf of their Counsel. The witness does not indicate personal knowledge of having observed or perceived the alleged communications, and the only source of the out-of-court assertions would be their Counsel as the hearsay declarant.<br><br>**FRE 901-902 Lacks Foundation, Lacks Authentication**<br>• No "email" or related writing has been offered into evidence. No "email" or related writing has been authenticated, and no foundation for it has been laid. |

| No. | Material Objected To | Grounds for Objection |
|---|---|---|
|  |  | **FRE 1001-1004** Best Evidence Rule |
| 12. | Dokuzyan Declaration Pg. 4 : ¶17 "I beg the Court to please allow me or the Trustee to redact the names in the bank statements." | • Same as No. 14. |
| 13. | Dokuzyan Declaration Pg. 4 : ¶18-20 "Otherwise, Hovanes is going to Google them and find their contact information on social media and continue his hatred and cruelty." | **FRE 401-404, 406** Argumentative, Irrelevant, Improper Character or Habit Testimony<br>• The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter.<br><br>**FRE 602, 608** Lacks Personal Knowledge, Improper Character Testimony<br>• The witness has no personal knowledge of any facts and is improperly asserting a hypothetical circumstance that has not occurred. The witness is asserting a non-existent and unproven alleged pattern.<br><br>**FRE 701-703** Speculation, Improper Opinion<br>• The witness is speculating to the conduct and state of mind of another party. The assertion is not rationally based on the witness' own perceptions and provides no help or clarity in better understanding the witness, or in determining a fact in issue. The witness possesses no scientific, technical, or other specialized knowledge to make such an assertion. The witness is characterizing the alleged conduct of the Plaintiff through a layperson opinion.<br><br>**FRE 801-802** Hearsay<br><br>**FRE 901-902** Lacks Foundation, Lacks Authentication<br>• No foundation has been laid to demonstrate or to prove a factual assertion of a continuing pattern of "hatred" or "cruelty".<br>• No fact or associated evidence has been authenticated.<br><br>**FRE 1001-1004** Best Evidence Rule |
| 14. | Dokuzyan Declaration Pg. 4 : ¶20-22 | **FRE 401-403** Argumentative, Irrelevant |

BK Case No.: 1:22-bk-10283-MB          11

| No. | Material Objected To | Grounds for Objection |
|---|---|---|
| | "My friends and individuals identified in the bank statements do not deserve that and should be left alone." | • The assertion has no tendency to make a fact more or less probable than it would be without it; and the fact is not of consequence in determining the action or matter.<br><br>**FRE 701-703 Improper Opinion or Legal Conclusion**<br>• The Court is the final decision-maker of determining who deserves what kind of protection, not the witness. The witness is improperly asserting their Counsel's legal arguments as her own factual assertions.<br><br>**FRE 801-802 Hearsay**<br>• The witness is asserting and referencing *facts of recorded written information* in documents that are not part of the record and are not part of any testimony. They are attempting to *assert the truth of the matter* - that the information identified in the bank statements are *in fact* of "friends" and "individuals". No hearsay exception has been identified.<br><br>**FRE 901-902 Lacks Foundation, Lacks Authentication**<br>• Witness refers to identities of "friends" and "individuals" listed in "bank statements" which are documents that have not authenticated or admitted in evidence, and are only vaguely referenced.<br>• No foundation has been laid to reference the documents or for the Court itself to examine the documents.<br><br>**FRE 1001-1004 Best Evidence Rule** |
| 15. | Dokuzyan Declaration Pg. 4: ¶21-22 "I ask the Court to please protect their identity from Hovanes finding out their identity." | **Same as No. 14.** |

### B. Objections to Exhibit B

**General and Specific Objections:** FRE 401-404 **Irrelevant,** the exhibit in its entirety is irrelevant as it has no tendency to make a fact more or less probable than it would be without it; and it is not of consequence in determining the action or matter. The exhibit is not authenticated by the testimony of a witness and opposing Counsel has not made any showing or identification of any other category—

1  *enumerated or unenumerated*—to authenticate the exhibit. It is not a self-authenticating document. No
2  sufficient evidence, whether direct or circumstantial, has been produced to support a finding that the
3  exhibit is what the Debtor claims it is or to draw any inference from the exhibit. No other assertion or
4  document in the case record corroborates the exhibit.

5      <u>FRE 901-902</u> **Lacks Foundation, Lacks Authenticity** and the exhibit does not indicate on its face
6  to whom the alleged text message or writing was sent to, it does not indicate who the author of the writing
7  is, it does not indicate the date and time, it does not indicate a location, it does not indicate what device it
8  resides on or who owns the device.

9      <u>FRE 1001-1004</u> **Best Evidence Rule**, the exhibit does not indicate on its face if it is an original, a
10 duplicate, or a copy. No witness has identified or recognized the exhibit; no grounds have been stated
11 upon which a witness would recognize the exhibit; no witness has identified the document as an original
12 or a copy; no circumstances have been stated under which an original or a copy from the original was
13 made; no testimony has been given by a witness that a copy is intended to have the same legal effect as
14 an original; no testimony has been given by a witness that a copy was executed with the same formalities
15 as an original; no witness has stated that the exhibit is a copy of an original; no witness has stated the time
16 when a copy was made; no witness has stated why a copy was made; no witness has stated that a copy
17 was made by reliable means of reproduction.

18     <u>FRE 102</u> empowers the Court to disregard, exclude, and reject evidence if it unjustifiability
19 increases expense and delay, produces an unfair and unjust result, stifles the development of evidence
20 law, or does not aid in the ascertainment of truth. The presentation, consideration, and determination of
21 the Exhibit would have those aforementioned effects on these proceedings.

For: Objections to Motion for Protective Order

Respectfully Submitted,

*[signature]*

Dated: August 17, 2022   Hovanes John Tonoyan

Original wet signature, in blue ink, in Plaintiff's possession outside USA

BK Case No.: 1:22-bk-10283-MB     13