AMY L. GOLDMAN
 E-Mail: Marisol.Jaramillo@lewisbrisbois.com
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>LUSINE CRISTINE DOKUZYAN,<br><br>    Debtor. | Case No.: 1:22-bk-10283-MB<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE CONTROVERSY WITH PRINTIFY, INC.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br>**[No Hearing Required Unless Requested]** |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, OTHER INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL, IF ANY:**

  AMY L. GOLDMAN, the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Lusine Cristine Dokuzyan ("Debtor") in the above-captioned bankruptcy case ("Bankruptcy Case" or "Case"), hereby moves ("Motion") this Court, pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9019 and Local Bankruptcy Rule ("LBR") 9013-1(o), for the entry of an order:

  1. Granting this Motion in its entirety;

  2. Approving and authorizing the *Settlement Agreement And Release* ("Agreement") entered into by and between the Trustee and Printify, Inc. ("Printify"), attached as **Exhibit "1"** to

4882-8846-3434.1

the Declaration of Amy L. Goldman ("Goldman Declaration") annexed to this Motion;

3.  Authorizing and approving the terms and conditions set forth in and the form of the Agreement, and authorizing the Trustee to enter into the Agreement;

4.  Authorizing and directing the Trustee to take any and all steps necessary to effectuate and consummate the Agreement;

5.  Determining that adequate notice of the Motion was given; and

6.  Providing such other and further relief as is just and proper.

This Motion is based on this Motion, the attached Memorandum of Points and Authorities and Goldman Declaration and the Agreement attached thereto as **Exhibit "1"**, the concurrently filed notice of Motion, all the pleadings filed in and the entire record of this Bankruptcy Case, and any other evidence properly submitted to this Court in support of this Motion.

DATED: January 20, 2023             By: /s/ Amy L. Goldman
                                        AMY L. GOLDMAN, Chapter 7 Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

1. On March 12, 2022, the debtor Lusine Cristine Dokuzyan ("Debtor") filed a voluntary petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code, 11. U.S.C. ("Bankruptcy Code"), initiating the above-captioned bankruptcy case ("Bankruptcy Case" or "Case"). The Trustee was subsequently appointed as the Chapter 7 Trustee in the Bankruptcy Case and has been acting in that capacity since that time.

2. Through the Trustee's section 341(a) examination of the Debtor, and the Trustee's review of the Debtor's initial and amended schedules and statement of financial affairs and other records, the Trustee discovered that in January of 2022 the Debtor had made various transfers to Printify, Inc. ("Printify") totaling the aggregate amount of approximately $15,643.00 (the "Transfers"), which the Trustee contends are fraudulent transfers and avoidable and recoverable by the bankruptcy estate. Printify disputes the Trustee's contentions. The Trustee and Printify are sometimes referred to each as a "Party" or collectively as the "Parties".

3. In an effort to avoid costly litigation, the Parties now desire to resolve the Trustee's claims against Printify for the avoidance and recovery of the Transfers under the Bankruptcy Code and any state law providing for the avoidance and recovery of the Transfers (the "Avoidance Power Claims").

4. Following negotiations, the Parties have reached a compromise as memorialized in that certain *Settlement Agreement And Release* ("Agreement"), attached as **Exhibit "1"** to the Declaration of Amy L. Goldman ("Goldman Declaration") annexed to the Motion and hereto. The Agreement provides in part as follows:[1]

///

---

[1] The Agreement contains additional terms, and this summary is provided for ease of reference only. To the extent that any terms in the Agreement differ from those generally described below, the terms of the Agreement shall control.

4882-8846-3434.1                                    3

| | | |
|---|---|---|
| **Settlement Amount.** | In consideration for the promises made in the Agreement, Printify shall pay to the Trustee, and the Trustee agrees to accept for the benefit of the bankruptcy estate, the total amount of Nine Thousand Dollars and zero cents ($9,000.00) (the "Settlement Amount"). Printify must mail the cashier's check in the full Settlement Amount to the Trustee before or upon Printify signing this Agreement. If the Settlement Amount payment is not made, this Agreement is null and void and of no force and effect. | |
| **Waiver of Claims.** | Notwithstanding any contrary or ambiguous terms herein, Printify shall be deemed to have waived any and all claims it has asserted and/or might be able to assert against the Estate, including claims provided by 11 U.S.C. § 502(h) and will not participate in any distributions from the Estate. | |
| **Releases.** | The Agreement provides for certain releases arising out of or relating to the Avoidance Power Claims as provided in the Agreement. | |

5. The Trustee has received and is currently holding all of the Settlement Amount.

## II.

## DISCUSSION

Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("FRBP"), "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

The bankruptcy court has great latitude in approving compromise agreements. *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) (*citing Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S. Ct. 189, 93 L. Ed. 2d 122 (1986)). This considerable discretion is based upon the fact that the law favors compromise and not litigation for its own sake. *In re A&C Properties*, 784 F.2d at 1381 (citation omitted).

In examining a proposed settlement, the bankruptcy court need not conduct an exhaustive investigation into the validity of an asserted claim. *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, the bankruptcy court must determine whether the settlement is fair, reasonable, and adequate by considering the following factors:

Case 1:22-bk-10283-MB    Doc 38    Filed 01/20/23    Entered 01/20/23 14:41:09    Desc
Main Document    Page 5 of 17

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A&C Properties*, 784 F.2d at 1381 (citation omitted); *see also United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010). The bankruptcy court's task is not to determine whether the settlement is the best that could have been obtained, "but whether it 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 613 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983) (*quoting Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039 (1972)).

### (a) probability of success in litigation

While there is currently no adversary proceeding pending to avoid and recover the Transfers, the Trustee believes she could prevail in such litigation. However, as with all litigation, the risks inherent therein make the outcome uncertain. The Agreement enables the bankruptcy estate to recover $9,000 to provide some distribution to unsecured creditors without the need for an extensive and a costly litigation that could potentially well exceed the amounts recoverable by the bankruptcy estate. The Trustee further understands that Printify is a corporation operating overseas which would significantly increase the cost of litigation. In reaching the Agreement, the Trustee considered the circumstances faced by the bankruptcy estate and adjusted the bankruptcy estate's settlement accordingly. The Trustee, in her business judgment, believes the Agreement is a fair and reasonable resolution of the Parties' dispute.

### (b) difficulties, if any, to be encountered in matter of collection

Printify apparently is an operating company with resources and, therefore, collection efforts do not appear at issue.

### (c) complexity of litigation involved and related expense, inconvenience and delay necessarily attending it

The Trustee does not believe that the legal issues presented here are overly complex. However, to the extent that litigation would be necessary, the proceedings would be lengthy and costly. If this Court approves the Agreement, there will be no need for the Court to hold hearings

1 | on this issue in this matter. The Agreement will ease the burden of the Court as well as on the
2 | Parties who would otherwise need to expend significant time and expense to litigate.
3 | Accordingly, this element supports approval of the Agreement.

4 |     ***(d) paramount interest of creditors and proper deference to their reasonable views in the***
5 | ***premises***

6 |     Here, the Agreement enables the bankruptcy estate to recover funds that were, otherwise,
7 | not available to unsecured creditors of the bankruptcy estate.  It is, thus, in the paramount interest
8 | of unsecured creditors that the Agreement be approved. The Trustee does not believe that a
9 | significantly better net result would be obtained even if these matters were successfully litigated to
10 | conclusion. The settlement provides the certainty of a recovery.

11 |     Accordingly, the Trustee believes, in her business judgment, the circumstances of this Case
12 | warrant the approval of the Agreement and the Motion should be granted in its entirety.

### III.
### CONCLUSION

15 | The Trustee respectfully requests that this Court enter an order:
16 |     1.    Granting the Motion in its entirety;
17 |     2.    Approving and authorizing the Agreement;
18 |     3.    Authorizing and approving the terms and conditions set forth in and the form of the
19 | Agreement, and authorizing the Trustee to enter into the Agreement;
20 |     4.    Authorizing and directing the Trustee to take any and all steps necessary to
21 | effectuate and consummate the Agreement;
22 |     5.    Determining that adequate notice of the Motion was given; and
23 |     6.    Providing such other and further relief as is just and proper.

25 | DATED: January 20, 2023        By: /s/ Amy L. Goldman
26 |         AMY L. GOLDMAN, Chapter 7 Trustee

## DECLARATION OF AMY L. GOLDMAN

I, AMY L. GOLDMAN, hereby declare as follows:

1. I am the duly appointed, qualified and acting Chapter 7 Trustee for the bankruptcy estate ("Estate") of Lusine Cristine Dokuzyan ("Debtor") in the above-captioned bankruptcy case ("Bankruptcy Case" or "Case"). I have personal knowledge of the matters discussed below, and if called as a witness, I could and would competently testify thereto.

2. Based upon my review of the Case docket, the Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code, 11. U.S.C. ("Bankruptcy Code") on March 12, 2022, initiating the above-captioned Bankruptcy Case. I was subsequently appointed as the Chapter 7 Trustee in the Bankruptcy Case and have been acting in that capacity since that time.

3. Through the section 341(a) examination of the Debtor, and my review of the Debtor's initial and amended schedules and statement of financial affairs and other records, I discovered that in January of 2022 the Debtor had made various transfers to Printify, Inc. ("Printify") totaling the aggregate amount of approximately $15,643.00 (the "Transfers"), which I contend are fraudulent transfers and avoidable and recoverable by the bankruptcy estate. Printify disputes my contentions.

4. In an effort to avoid costly litigation, following negotiations, the parties reached a settlement regarding the Estate's claims against Printify for the avoidance and recovery of the Transfers under the Bankruptcy Code and any state law providing for the avoidance and recovery of the Transfers (the "Avoidance Power Claims"). A true and correct copy of the *Settlement Agreement And Release* (the "Agreement") is attached hereto as **Exhibit "1"**.

5. I have received and am currently holding all of the Settlement Amount.

6. In reaching the settlement, I considered the circumstances faced by the Estate and adjusted the Estate's settlement accordingly. I believe the Agreement represents a fair and reasonable resolution of the parties' dispute and is in the best interest of the Estate and unsecured

creditors.

7. I do not believe that a significantly better net result would be obtained even if these matters were successfully litigated to conclusion. The settlement provides the certainty of a recovery.

8. I believe in my business judgment that all of the terms and conditions of the Agreement are fair and reasonable and should be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of January, 2023 at Los Angeles, California.

                                        /s/ Amy L. Goldman
                                        AMY L. .GOLDMAN

# EXHIBIT "1"

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between AMY L. GOLDMAN, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of LUSINE CRISTINE DOKUZYAN (the "Debtor") in the bankruptcy case entitled *In re Lusine Cristine Dokuzyan,* Case Number 1:22-bk-10283-MB (the "Bankruptcy Case" or "Case"), pending in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division (the 'Bankruptcy Court" or "Court"), on the one hand, and Printify, Inc. ("Printify"), on the other hand. The Trustee and Printify are sometimes referred to each as a "Party" or collectively as the "Parties".

## I.
## RECITALS

This Agreement is made with reference to the following facts:

A.  On March 12, 2022, the Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code, 11. U.S.C. (the "Bankruptcy Code"), initiating this Bankruptcy Case. The Trustee was subsequently appointed as the Chapter 7 Trustee in the Bankruptcy Case and has been acting in that capacity since that time.

B.  Through the Trustee's section 341(a) examination of the Debtor, and the Trustee's review of the Debtor's initial and amended schedules and statement of financial affairs and other records, the Trustee discovered that in January of 2022 the Debtor had made various transfers to Printify totaling the aggregate amount of approximately $15,643.00 (the "Transfers"), which the Trustee contends are fraudulent transfers and avoidable and recoverable by the Estate. Printify disputes the Trustee's contentions.

C.  In an effort to avoid costly litigation, the Parties, and each of them, now desire to resolve the Trustee's claims against Printify for the avoidance and recovery of the Transfers under the Bankruptcy Code and any state law providing for the avoidance and recovery of the Transfers (the "Avoidance Power Claims").

## II.
## AGREEMENT

NOW, THEREFORE, on the terms and conditions and for the consideration set forth below, and subject to the approval of the Bankruptcy Court, the Parties hereto agree as follows:

1.  **Recitals.** The foregoing Recitals are incorporated herein by reference and made a part of this Agreement.

2.  **Settlement Amount.** In consideration for the promises made in this Agreement, Printify shall pay to the Trustee, and the Trustee agrees to accept for the benefit of the Estate, the total amount of Nine Thousand Dollars and zero cents ($9,000.00) (the "Settlement Amount").

   2.1 The payment shall be effective upon receipt by the Trustee and not upon dispatch. The Settlement Amount shall be paid by cashier's check made payable to "Amy L. Goldman, Chapter 7 Trustee" and shall be delivered to the Trustee at 633 West 5th Street, Suite 4000, Los Angeles, California 90071, attn. Marisol Jaramillo.

   2.2 Printify must mail the cashier's check in the full Settlement Amount to the Trustee before or upon Printify signing this Agreement. If the Settlement Amount payment is not made, this Agreement is null and void and of no force and effect.

   3. **Bankruptcy Court Approval**. This Agreement is subject to the approval of the Bankruptcy Court. After receipt of a fully executed Agreement, the Trustee shall file a motion for authority to compromise controversy (the "Compromise Motion") for the purpose of seeking authority from the Bankruptcy Court to resolve this controversy in accordance with the terms of this Agreement. In the event that the Bankruptcy Court does not approve the Compromise Motion, (a) this Agreement shall be null and void; and (b) the Parties shall be returned to their relative positions as if this Agreement were never executed. The Agreement shall not be effective until a final, non-appealable order granting the Motion has been entered by the Bankruptcy Court. For purposes of this Agreement, a non-appealable order shall be final fifteen (15) calendar days after entry, provided that prior to such date no appeal of the order was filed and no stay pending appeal was granted and remains in effect.

   4. **Releases**.

   4.1. Upon entry of the final order and full consummation of the Agreement terms, except for: (a) a breach of this Agreement and claims arising by reason of such breach; (b) enforcement of rights, obligations and duties arising under this Agreement; and (c) the satisfaction of the executory provisions of this Agreement, in consideration for the provisions of this Agreement, Printify, without further action, shall be deemed to have acknowledged full and complete satisfaction of and to have released and fully discharged the Estate, the Trustee, and each of the Trustee's attorneys, accountants, other professionals, representatives, employees, agents, heirs, successors, predecessors, and assigns, past and present, and each of them, (in each case, only to the extent that such persons were acting in that capacity) (collectively, the "Estate Releasees") from any and all claims, demands, and causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, which Printify owns or holds or at any time heretofore has owned or held against the Estate Releasees, or any of them, arising out of or relating to the Avoidance Power Claims.

   4.2. Upon entry of the final order and full consummation of the Agreement terms (including but not limited to the Trustee's timely receipt of the full Settlement Amount and the settlement payment having cleared the banking process), except for: (a) a breach of this Agreement and claims arising by reason of such breach; (b) enforcement of rights, obligations and duties arising under this Agreement; and (c) the satisfaction of the executory provisions of this Agreement, in consideration for the provisions of this Agreement, the Trustee, without further action, shall be deemed to have acknowledged full and complete satisfaction of and to have released and fully discharged Printify, and each of Printify's respective attorneys, accountants, other

professionals, representatives, employees, agents, heirs, successors, predecessors, and assigns, past and present, and each of them, (in each case, only to the extent that such persons were acting in that capacity) (collectively, the "Printify Releasees") from any and all claims, demands, and causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, which the Estate owns or holds or at any time heretofore has owned or held against Printify arising out of or relating to the Avoidance Power Claims.

        4.3.    This Agreement, including the releases set forth in Paragraphs 4.1 and 4.2 above, shall not be interpreted or construed as a release of, and shall not affect any of the Trustee's rights or claims against any person or entity not expressly identified by name or category as one of the Printify Releasees. Notwithstanding any other provision in this Agreement, including the releases set forth in ¶ 4.1 and 4.2 above, the Trustee shall not be deemed to have released any claims or rights against (a) the Debtor, (b) any "insider" of the Debtor within the meaning of 11 U.S.C. § 101(31); (c) any entity owned or controlled, whether in whole or in part, at any time by the Debtor; (d) any entity owned or controlled, whether in whole or in part, at any time by an insider of the Debtor; (e) any person or entity against whom the Trustee has commenced litigation; (f) any person or entity that has filed a proof of claim against the Estate or that is identified as a creditor of the Estate in the Debtor's schedules of assets and liabilities filed in the Debtor's Case.

        5.    **<u>Unknown Claims and Waiver of Civil Code Section 1542.</u>** Except as provided for herein, the Parties hereby agree, represent and warrant that they realize and acknowledge that actual matters now unknown, unanticipated, unsuspected or misunderstood by them in connection with the subject matter of the releases in Paragraph 4 hereof may have given or may hereafter give rise to causes of action, claims, demands, debts, liens, defenses, controversies, damages, costs, losses and expenses which are presently unknown, unanticipated, unsuspected or misunderstood, and they further agree, represent and warrant that the within release has been negotiated and agreed upon in light of that realization and that they nevertheless hereby intend to release, discharge and acquit each other as set forth hereinabove from any such unknown claims. In furtherance of this intention, the Parties expressly waive and relinquish, with respect to the Avoidance Power Claims, any and all rights they may have under California Civil Code Section 1542 and under any similar statute or law of any other relevant jurisdiction, and expressly consents that the within release shall be given full force and effect according to each and all of its express terms and provisions. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties acknowledge that this waiver is an essential term of this Agreement and the negotiations which have led to it, and that without such waiver this Agreement would not have been entered into. The Parties understand and acknowledge the significance and consequences of such release and specific waiver of Section 1542.

6.  **Waiver of Claims.** Notwithstanding any contrary or ambiguous terms herein, Printify shall be deemed to have waived any and all claims it has asserted and/or might be able to assert against the Estate, including claims provided by 11 U.S.C. § 502(h) and will not participate in any distributions from the Estate, whether through a filed proof of claim or from the proceeds of any sale of Estate asset or otherwise.

7.  **Warranties and Representations.** The Trustee and Printify hereby represent and warrant to each other that as of the execution of this Agreement:

    7.1  The Trustee and Printify have not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims and causes of action disposed of by this Agreement.

    7.2  Each person signing this Agreement on behalf of a Party represents and warrants to the other Parties that he/she has the requisite power and authority to execute and deliver this Agreement on behalf of that Party and that this Agreement, when so executed and delivered, will be a binding obligation of and enforceable against such Party in accordance with its terms. Notwithstanding the foregoing, each Party acknowledges that the Trustee's authority to sign this Agreement is subject to Bankruptcy Court approval.

    7.3  The Trustee and Printify represent that they were represented by attorneys of their own choosing, or by their own choosing declined to obtain legal representation, in the negotiation, preparation and execution of this Agreement, and each of them have carefully read this Agreement and fully understand this Agreement and its terms and provisions and its legal effect, and they have freely and voluntarily entered into the settlement set forth in this Agreement.

    7.4  The Trustee and Printify have each made such investigation of the facts and matters pertaining to this Agreement and settlement of the Avoidance Power Claims as each of them has deemed necessary.

    7.5  Except for the statements, representations and promises contained in this Agreement, the Parties hereto are not relying upon any statement, representation, or promise from the other Party hereto or any of the other Party's agents, employees, representatives, or attorneys in entering into this Agreement.

    7.6  As to the matters addressed herein, this Agreement is intended to be final and binding upon the Parties hereto, regardless of any mistake of fact or law made by the Parties hereto. The Trustee and Printify each assume the risk of any mistake of fact or law in relation to this Agreement and may not set aside this Agreement, or any portion thereof based on the subsequent discovery of any such mistake of fact or law.

8.  **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of California.

9. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. No party is relying upon any statement by any other party not set forth herein, and each party has performed its own investigation of the applicable facts and law. This Agreement may be amended only by an agreement between both Parties in writing.

10. **Captions.** Any captions to the Paragraphs of this Agreement are solely for the convenience of the Parties, are not a part of this Agreement, and shall not be used for the interpretation or determination of the validity of this Agreement or any portion thereof.

11. **Jurisdiction.** The Parties hereto agree that the United States Bankruptcy Court for the Central District of California shall have sole and exclusive jurisdiction, sitting without a jury, to hear and determine any disputes that arise under or on account of this Agreement. To the maximum extent permitted by applicable law, each Party to this Agreement hereby expressly waives the right to trial by jury in any action or other proceeding arising out of or relating to this Agreement or the Parties' rights and obligations with respect thereto.

12. **Counterparts.** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same document. The delivery of an executed counterpart of a signature page to this Agreement by e-mail, facsimile, or other commonly recognized electronic means will be as effective as the physical delivery of an executed counterpart of this Agreement. Signatures of the Parties hereto transmitted or delivered by e-mail, facsimile, or other commonly recognized electronic means shall be deemed to be original signatures for all purposes. This Agreement shall not be binding until signed by the Parties and approved by the Bankruptcy Court.

13. **Attorneys' Fees and Costs.** Each Party shall bear their own costs and attorneys' fees, if any, with regard to any aspect of the Avoidance Power Claims including with respect to the drafting, negotiation and execution of this Agreement. However, the Parties agree that in the event of any legal or equitable action required to enforce or defend this Agreement, the prevailing party as that term is defined by California Civil Code § 1717, shall be entitled to an award of his/her/its attorneys' fees, costs, and expenses incurred in connection with the enforcement or defense of this Agreement, in addition to any other damages he/she/it may suffer as a result of the violation or breach of this Agreement, or other relief to which he/she/it may be entitled.

14. **Successors.** This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, representatives, agents, and assigns.

15. **Savings Clause.** Should any provision of this Agreement be unenforceable, those provisions shall be considered severable, and the remaining provisions shall remain in full force and effect without being impaired or invalidated in any way. Parole evidence shall not be admissible to modify, alter or vary the terms of this Agreement.

*[continues on next page]*

16.  **Further Assurances.**  The Parties hereby agree to, on request of the other Party hereto, to perform all acts reasonably necessary, including execution of further documents, to effectuate the intent of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and Release effective as of the first date written below.

DATED: November 29, 2022    AMY L. GOLDMAN, IN HER SOLE AND EXCLUSIVE CAPACITY AS THE CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF LUSINE CRISTINE DOKUZYAN

AMY L. GOLDMAN, Chapter 7 Trustee

DATED: November 02, 2022    PRINTIFY, INC.

By: Kaspars Frīdenbergs-Ansbergs
Its: Senior Corporate Counsel

4873-6987-9611.1    6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**633 W. 5th Street, Suite 4000, Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE CONTROVERSY WITH PRINTIFY, INC.;MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 20, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **January 20, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 20, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 20, 2023 | Marisol Jaramillo | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                   PAGE 3.1                              F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION:**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

   - **CHAPTER 7 TRUSTEE** Amy L Goldman (TR)    marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com
   - **ATTORNEY FOR DEBTOR** Sevan Gorginian    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com
   - **UNITED STATES TRUSTEE** United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL:**
   **[NOT SERVED ON PRESIDING JUDGE PER GENERAL ORDER 22-02; 21-05(12); JUDGE BARASH'S INSTRUCTIONS/PROCEDURES JUDICIAL VARIANCE STATEMENT LBR 5005-2 & THE CENTRAL GUIDE § 2.0 REGARDING JUDGE'S COPIES]**

   **PRESIDING JUDGE**
   Honorable Martin R. Barash
   United States Bankruptcy Court
   Central District of California
   21041 Burbank Boulevard, Suite 342
   Woodland Hills, CA 91367

   **DEBTOR**
   Lusine Cristine Dokuzyan
   7635 Bluebell Ave.
   North Hollywood, CA 91605

   **ATTORNEY FOR PRINTIFY, INC.**
   Monique D. Jewett-Brewster
   Hopkins & Carley | A Law Corporation
   San Jose | Redwood City
   70 South First Street
   San Jose, CA 95113

   ☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:**

   N/A

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    PAGE 3.2    **F 9013-3.1.PROOF.SERVICE**