**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:    Lusine Cristine Dokuzyan | §    Case No. 1:22-bk-10283-MB |
| | § |
| | § |
| Debtor(s) | § |

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under Chapter 7 of the United States Bankruptcy Code was filed on 03/12/2022. The undersigned trustee was appointed on 03/12/2022.

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized the gross receipts of              $          9,000.00

> Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemption paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1] | $          9,000.00 |

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.  The deadline for filing non-governmental claims in this case was 01/17/2023 and the deadline for filing governmental claims was 09/08/2022.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,650.00.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,650.00, for a total compensation of $1,650.00.[2]   In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $6.77, for total expenses of $6.77.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:  05/22/2023                        By:  /s/ Amy L. Goldman, Chapter 7 Trustee
                                                                Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

**FORM 1**

Exhibit A

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

| | |
|---|---|
| **Case Number:** 22-10283 MB | **Trustee:** Amy L. Goldman, Chapter 7 Trustee |
| **Case Name:** Lusine Cristine Dokuzyan | **Filed (f) or Converted (c):** 03/12/22 (f) |
| | **§341(a) Meeting Date:** 04/25/22 |
| **Period Ending:** 05/22/23 | **Claims Bar Date:** 01/17/23 |

| Ref # | 1<br><br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) Abandon | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Households Goods, Furnishings and Appliances<br><br>THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 1,200.00 | 0.00 | | 0.00 | FA |
| 2 | General electronics, equipment and recreational personal property (game consoles)<br><br>THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 1,200.00 | 0.00 | | 0.00 | FA |
| 3 | Wardrobe and clothing (includes non-debtor spouse, if any)<br><br>THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 600.00 | 0.00 | | 0.00 | FA |
| 4 | Jewelry and personal valuable items and small miscellaneous items (i.e. costume jewelry), includes non-debtor spouse, if any<br><br><br>THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 700.00 | 0.00 | | 0.00 | FA |
| 5 | Cash on hand<br><br>THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 85.00 | 0.00 | | 0.00 | FA |
| 6 | REMOVED-Citibank<br><br>REMOVED WITH AMENDED SCH B #17 [DOC 13]<br>THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 0.00 | 0.00 | | 0.00 | FA |
| 7 | 2021 Est. Tax Refund (owed to Debtor)<br><br>THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 1,500.00 | 0.00 | | 0.00 | FA |

**FORM 1**

Exhibit A

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

| Case Number: | 22-10283 MB | Trustee: | Amy L. Goldman, Chapter 7 Trustee |
| Case Name: | Lusine Cristine Dokuzyan | Filed (f) or Converted (c): | 03/12/22 (f) |
| | | §341(a) Meeting Date: | 04/25/22 |
| Period Ending: | 05/22/23 | Claims Bar Date: | 01/17/23 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 8 | Printify / Felipe Mendez<br>Debtor paid Printify on account of a debt owed by Felipe Mendez. This was a gift and debtor has no expectation of payment from Mendez. Debtor covered an outstanding balance owed by Mendez to Printify. See SOFA #23 also.<br><br>Felipe Mendez has no claim against Debtor and Debtor owes no debt to Mendez. As such, Mendez is not a "creditor" as defined under the Code and thus not listed on Schedule F. PER SOFA #13, [DOC 14]<br><br>Printify<br>Debtor's funds about $10,000,<br>$10,000<br><br>Debtor transferred about $10,000 on account of a debtor to Printify. This was through funds borrowed by a creditor, listed on Schedule F.<br>PER SOFA #18 [DOC 1, 9, 12, 13, 14]<br><br>ADMINISTERED - COMPROMISED | 10,000.00 | 10,000.00 | | 9,000.00 | FA |
| 9 | Embroidery Machine<br>Felipe Kamaey Mendez<br>This information was disclosed in Debtor's initial filings (SOFA #23 [DOC 1]).<br>Debtor disclosed already on original SOFA # 23 that she is in physical possession of an embroidery machine and computers for her friend's business. This is not hers but disclosed here. Value $0.00 as she does not own these items but merely in possession since her friend does not have space.<br> PER AMENDED SCH B #53 [DOC 13, 14]<br><br>Embroidery Machine and Computer and Printer. Debtor's friend owns this embroidery machine that is stored temporarily at debtor's house because the friend's apartment is too small to store it. This is not debtor's property, listed for disclosure purpose.<br>PER SOFA #23 [DOC 1, 9, 12, 13 & 14]<br><br>THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 0.00 | 0.00 | | 0.00 | FA |

**FORM 1**                                                                                    Exhibit A
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**                                                                               Page: 3

| Case Number: | 22-10283 MB | Trustee: | Amy L. Goldman, Chapter 7 Trustee |
|---|---|---|---|
| Case Name: | Lusine Cristine Dokuzyan | Filed (f) or Converted (c): | 03/12/22 (f) |
| | | §341(a) Meeting Date: | 04/25/22 |
| Period Ending: | 05/22/23 | Claims Bar Date: | 01/17/23 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 10 | Venmo ($0.00) and Paypal (negative $6) (u)  PER SCH B #17 [DOC 14]  THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 0.00 | 0.00 | | 0.00 | FA |
| 11 | Transfers - Araik Tonoyan c/o Hovanes Tonoyan (u) $649.00 Paid back Hovanes Tonoyan $4,479 between 8/2021 and 9/2021 on account of a debt owed to Tonoyan for his purchase of computers.  Of this amount $649 is listed on SOFA #6., $4,479.00  Debt paid in exchange Per SOFA #6 [DOC 12]; SOFA #6, #18 SOFA #6, #18 [DOC 13, Doc 14]  THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 4,479.00 | 0.00 | | 0.00 | FA |
| 12 | Transfers - That One Guy with Glasses, LLC (u) Attn: Felipe Mendez  Debtor got money from common friends (Michelle Elys) on January 3, 2022, which was intended for Felipe Mendez.  They used debtor's account to send the money.  Debtor got $6,000 from Michelle (See SOFA #5) and then transferred it to Mendez's company and paid Printify.  Per SOFA #6, #18 [DOC 14]  THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 7,000.00 | 0.00 | | 0.00 | FA |
| 13 | Transfers-Charles Muldrow (u) $1,000 paid on account of debt owed for money borrowed in 2020., $1,000.00  Debt paid in exchange SOFA #18 [DOC 13, 14]  THIS ASSET HAS NO VALUE TO THE ESTATE AND WILL BE ABANDONED AT CLOSING | 1,000.00 | 0.00 | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

Page: 4

| **TOTALS** (Excluding Unknown Values) | $27,764.00 | $10,000.00 | $9,000.00 | $0.00 |
|---|---|---|---|---|

**Major activities affecting case closing:**

GENERAL:
This case was commenced by the filing of a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code on March 12, 2022 and Amy Goldman was appointed the Chapter 7 Trustee. The initial 341(a) Meeting of Creditors was scheduled for April 25, 2022 and was concluded on July 22, 2022.

The only potential asset are the avoidance transfers to Printify, Inc.

PROFESSIONALS:
None required

CLAIMS:
Deadline for filing claims:  1/17/23
Deadline for filing claims: (govt.): 9/8/22
Claims reviewed, No Objections Required


TAXES:
None yet required

ADMIN. STATUS:
03/12/22 – Chapter 7 Voluntary Petition filed [Doc 1]
03/12/22 – Meeting of Creditors to be held 04/25/22 [Doc 7]
04/25/22 – Requested Bank Statements for six months.
04/27/22 – Received Bank Statements.  Emailed Attorney requesting explanation for inconsistent statements.
05/01/22 – Continued Meeting of Creditors to 06/01/22 [Doc 15]
05/26/22 – Followed-up on clarification of statements.
05/31/22 – Requested additional information.
06/10/22 – Reached out to Printify's counsel, who will get back to the Trustee.
06/29/22 – Continued Meeting of Creditors to 07/22/22 [Doc 17]
07/06/22 – Communicated with Printify's counsel who requested clarification.
07/15/22 – Followed up with Printify's counsel.
08/03/22 – Followed up with Printify's cousel.
08/04/22- Advised Printify is evaluating its response.
08/16/22 – Requested an update from Printify's counsel.
09/02/22 – Requested update and received an offer to resolve dispute, which was countered.
09/19/22 – Followed-up on Trustee's counter offer, which was declined and countered.
09/29/22 – Printify's counter declined by Trustee and countered again.
10/13/22 – Requested update on Trustee's recent counter offer, which was accepted.
10/14/22 – Notice of Assets filed [Doc 35]
10/17/22 – Meeting Held and Concluded on 7/22/22 [Doc 37]
10/31/22 – Draft Settlement Agreement sent to Printify's counsel for review.
11/02/22 – Settlement Agreement signed by Printify, Inc.
11/22/22 – Received good faith payment.  Now preparing Motion to Approve Compromise.
01/20/23 – 9019 Motion for Authority to Compromise with Printify, Inc. filed [Doc 38]
01/20/23 – Notice of 9019 Motion filed [Doc 39]
02/07/23 – Declaration That No Party Requested a Hearing on 9019 Motion filed [Doc 40]
02/13/23 – Order Granting Chapter 7 Trustee's 9019 Motion with Printify, Inc. [Doc 41]
02/14/23 – Confirmed with potential Tax Accountant that no tax returns are required.
Preparing Trustee's Final Report
05/19/23 – Request for Court Costs filed [Doc 43]

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

INSURANCE:
Not Applicable

**Initial Projected Date of Final Report (TFR):** March 31, 2024          **Current Projected Date of Final Report (TFR):** March 31, 2024

| May 22, 2023 | /s/ Amy L. Goldman, Chapter 7 Trustee |
|:---:|:---|
| Date | Amy L. Goldman, Chapter 7 Trustee |

**Form 2**

Exhibit B

**Cash Receipts and Disbursements Record**

Page: 1

| | |
|---|---|
| **Case Number:** | 22-10283 MB |
| **Case Name:** | Lusine Cristine Dokuzyan |
| **Taxpayer ID#:** | **-***7890 |
| **Period:** | 01/01/01 - 05/22/23 |

| | |
|---|---|
| **Trustee:** | Amy L. Goldman, Chapter 7 Trustee |
| **Bank Name:** | Flagstar Bank, N.A. |
| **Account:** | ******1293 - Checking |
| **Blanket Bond:** | $5,000,000.00 (per case limit) |
| **Separate Bond:** | N/A |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 11/22/22 | Asset #8 | hopkins carley | 36219-000-1<br>Client Settlement /CM 3621.1 | 1141-000 | 9,000.00 | | 9,000.00 |

| | | Receipts | Disbursements | Balance |
|---|---|---|---|---|
| | **ACCOUNT TOTALS** | **9,000.00** | **0.00** | **$9,000.00** |
| | Less: Bank Transfers | 0.00 | 0.00 | |
| | **Subtotal** | **9,000.00** | **0.00** | |
| | Less: Payment to Debtors | | 0.00 | |
| | **NET Receipts / Disbursements** | **$9,000.00** | **$0.00** | |

| | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| **Checking # ******1293** | **9,000.00** | **0.00** | **9,000.00** |
| | **$9,000.00** | **$0.00** | **$9,000.00** |

Exhibit C
Page 1

# Central District of California
# Claims Register

### 1:22-bk-10283-MB Lusine Cristine Dokuzyan

| | |
|---|---|
| **Judge:** Martin R. Barash | **Chapter:** 7 |
| **Office:** San Fernando Valley | **Last Date to file claims:** 01/17/2023 |
| **Trustee:** Amy L Goldman (TR) | **Last Date to file (Govt):** 09/08/2022 |

| | | |
|---|---|---|
| *Creditor:*    (41317308)<br>Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD 57108-5027 | **Claim No: 1**<br>*Original Filed*<br>*Date:* 10/19/2022<br>*Original Entered*<br>*Date:* 10/19/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Clarissa Weyant<br>*Modified:* |

Amount claimed: $1548.57        Unsecured

*History:*

Details        1-1    10/19/2022 Claim #1 filed by Citibank, N.A., Amount claimed: $1548.57 (Weyant, Clarissa)

*Description:* (1-1) Money Loaned

*Remarks:*    Listed in [Doc 1] Schedule E/F #4.4 $1,548.00

| | | |
|---|---|---|
| *Creditor:*    (41324622)<br>Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | **Claim No: 2**<br>*Original Filed*<br>*Date:* 10/27/2022<br>*Original Entered*<br>*Date:* 10/27/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sarah Irimies<br>*Modified:* |

Amount claimed: $5095.80        Unsecured

*History:*

Details        2-1    10/27/2022 Claim #2 filed by Discover Bank, Amount claimed: $5095.80 (Irimies, Sarah)

*Description:*

*Remarks:*    Listed in [Doc 1] Schedule E/F #4.5 $4,896.00

| | | |
|---|---|---|
| *Creditor:*    (41328378)<br>JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001 | **Claim No: 3**<br>*Original Filed*<br>*Date:* 10/30/2022<br>*Original Entered*<br>*Date:* 10/30/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Kirsten Martinez<br>*Modified:* |

Amount claimed: $5233.50        Unsecured

*History:*

Details        3-1    10/30/2022 Claim #3 filed by JPMorgan Chase Bank, N.A., Amount claimed: $5233.50 (Martinez,
Kirsten)

*Description:*

*Remarks:*    Listed in [Doc 1] Schedule E/F #4.6 $5,233.00

Exhibit C
Page 2

| | | |
|---|---|---|
| *Creditor:* (41333167) | **Claim No: 4** | *Status:* |
| American Express National Bank | *Original Filed* | *Filed by:* CR |
| c/o Becket and Lee LLP | *Date:* 11/04/2022 ✓ | *Entered by:* Greg Deegan |
| PO Box 3001 | *Original Entered* | *Modified:* |
| Malvern PA 19355-0701 | *Date:* 11/04/2022 | |

Amount claimed: $2100.59 ✓   Unsecured

*History:*

Details ⊙   4-1   11/04/2022 Claim #4 filed by American Express National Bank, Amount claimed: $2100.59 (Deegan, Greg)

*Description:*

*Remarks:*   Listed in [Doc 1] Schedule E/F #4.1 $2,100.00

| | | |
|---|---|---|
| *Creditor:* (41334683) | **Claim No: 5** | *Status:* |
| Capital One N.A. | *Original Filed* | *Filed by:* CR |
| by American InfoSource as agent | *Date:* 11/07/2022 ✓ | *Entered by:* Varsha Nishad |
| PO Box 71083 | *Original Entered* | *Modified:* |
| Charlotte, NC 28272-1083 | *Date:* 11/07/2022 | |

Amount claimed: $563.40 ✓   Unsecured

*History:*

Details ⊙   5-1   11/07/2022 Claim #5 filed by Capital One N.A., Amount claimed: $563.40 (Nishad, Varsha)

*Description:*

*Remarks:*   Listed in [Doc 1] Schedule E/F #4.3 $523.00

| | | |
|---|---|---|
| *Creditor:* (41401540) | **Claim No: 6** | *Status:* |
| Jefferson Capital Systems LLC | *Original Filed* | *Filed by:* CR |
| PO Box 7999 | *Date:* 01/17/2023 ✓ | *Entered by:* Brianna Suess |
| St Cloud MN 56302-9617 | *Original Entered* | *Modified:* |
| | *Date:* 01/17/2023 | |

Amount claimed: $2629.00 ✓   Unsecured

*History:*

Details ⊙   6-1   01/17/2023 Claim #6 filed by Jefferson Capital Systems LLC, Amount claimed: $2629.00 (Suess, Brianna)

*Description:* (6-1) Credit Card

*Remarks:*   Listed in [Doc 1] Schedule E/F #4.7 $2,629.00

| | | |
|---|---|---|
| *Creditor:* (41402018) | **Claim No: 7** | *Status:* |
| Hovanes John Tonoyan | *Original Filed* | *Filed by:* CR |
| 6627 Beeman Ave | *Date:* 01/17/2023 ✓ | *Entered by:* RT |
| North Hollywood, CA 91606 | *Original Entered* | *Modified:* 01/17/2023 |
| | *Date:* 01/17/2023 | |

Amount claimed: $11171.00 ✓   Unsecured

*History:*

Details ⊙   7-1   01/17/2023 Claim #7 filed by Hovanes John Tonoyan, Amount claimed: $11171.00 (RT)

*Description:*   Listed in [Doc 1 & 12] Schedule E/F #4.2 & #4.1 $11,000.00

*Remarks:* (7-1) Filing was by EDB

**Claims Register Summary**

Exhibit C
Page 3

**Case Name:** Lusine Cristine Dokuzyan

**Case Number:** 1:22-bk-10283-MB

**Chapter:** 7

**Date Filed:** 03/12/2022

**Total Number Of Claims:** 7

| | |
|---|---|
| **Total Amount Claimed*** | $28341.86 |
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | | |
| **Priority** | | |
| **Administrative** | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/19/2023 15:03:35 | | | |
| **PACER Login:** | lb3286ALG | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 1:22-bk-10283-MB Filed or Entered From: 1/1/1900 Filed or Entered To: 5/19/2023 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Exempt Court Order |

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.:      22-10283-MB

Case Name:    Lusine Cristine Dokuzyan

Trustee Name:  Amy L. Goldman, Chapter 7 Trustee

**Balance on hand:**                                     $        9,000.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| **NONE** | | | | | |

Total to be paid to secured creditors:      $              0.00
Remaining balance:                          $          9,000.00

Application for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Amy L. Goldman | 1,650.00 | 0.00 | 1,650.00 |
| Trustee, Expenses - Amy L. Goldman, Chapter 7 Trustee | 6.77 | 0.00 | 6.77 |

Total to be paid for chapter 7 administration expenses:    $        1,656.77
Remaining balance:                                         $        7,343.23

Application for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| **NONE** | | | |

Total to be paid for prior chapter administration expenses:    $            0.00
Remaining balance:                                             $        7,343.23

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

Total to be paid for priority claims:       $              0.00
Remaining balance:                          $          7,343.23

**UST Form 101-7-TFR (05/1/2011)**

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $28,341.86 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 25.909 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Citibank, N.A. | 1,548.57 | 0.00 | 401.23 |
| 2 | Discover Bank | 5,095.80 | 0.00 | 1,320.30 |
| 3 | JPMorgan Chase Bank, N.A. | 5,233.50 | 0.00 | 1,355.97 |
| 4 | American Express National Bank | 2,100.59 | 0.00 | 544.25 |
| 5 | Capital One N.A. | 563.40 | 0.00 | 145.97 |
| 6 | Jefferson Capital Systems LLC | 2,629.00 | 0.00 | 681.16 |
| 7 | Hovanes John Tonoyan | 11,171.00 | 0.00 | 2,894.35 |

Total to be paid for timely general unsecured claims: $ 7,343.23
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claims dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | **NONE** | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims
ordered subordinated by the Court totaling $0.00 have been allowed and will be paid
*pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid
in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent,
plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims
ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | |

|  |  |  |
|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**